1  BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
2  22 Battery Street, Suite 810
San Francisco, CA 94111
3  Telephone (415) 398 1414

4

Attorneys for PLAINTIFF:
5  JACKIE V. LOTT

6

7

8                    UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  JACKIE V. LOTT,                    )    Civil No.
                                       )
11              Plaintiff,             )    **COMPLAINT FOR DAMAGES**
                                       )
12  vs.                                )    [Seafarer's Action for
                                       )    Personal Injuries and
13  UNITED STATES OF AMERICA,          )    Damages Without Prepayment
                                       )    of Costs - 28 U.S.C.,
14              Defendant              )    § 1916 - A Claim
                                       )    within the meaning
15  _____ )    of F.R.C.P. 9(h)]

16      Plaintiff claims of defendant, UNITED STATES OF AMERICA, a sum in excess of

17  $1,190,000.00  and alleges:

18                    GENERAL ALLEGATIONS

19      1. Jurisdiction:  This action arises under the Jones Act, 46 U.S.C. § et seq., and the General

20  Maritime Law, as hereinafter more fully appears.

21      2. Intradistrict Assignment:   Under Local Rules 3-2 and 3-5 the events giving rise to this

22  lawsuit occurred outside the United States of America,  plaintiff is a resident of Missouri and the

23  defendant is found in the above captioned District.  Therefore, this action should be assigned to the

24  San Francisco Division of this Court.

25      3. Plaintiff was a seafarer in the United States Merchant Marine, at all relevant times, who

26  was injured in the course and scope of his employment aboard a ship, said vessel (hereinafter,

27

COMPLAINT FOR DAMAGES
28  [\lott v us\complaint01]]                    1

1  "SUBJECT VESSEL") is known as the   s/s CAPE JACOBS                      .

2       4.  The date (hereinafter "SUBJECT DATE") of the complained of accident and incident was

3  on or about     October 23, 2005.                      .

4       5.  Plaintiff elects to take advantage of the provisions of 28 U.S.C., § 1916 and to proceed

5  herein without prepayment of costs and fees and without security therefor.

6       6.  Defendant, UNITED STATES OF AMERICA (hereinafter also referred to as "UNITED

7  STATES"and/or "EMPLOYER"), is a sovereign nation which has consented to be sued in such

8  actions such as this pursuant to all applicable United States Codes including, but not limited to the

9  Suits in Admiralty Act, 46 U.S.C., §§ 741 et seq, the Public Vessels Act, 46 U.S.C. §§ 781, et seq,

10  and/or the Jones Act, 46 U.S.C., §§ 681, et seq as well as the General Maritime Law; wherefore,

11  plaintiff brings this action   as a maritime claim within the meaning of Federal Rule of Civil

12  Procedure 9(h). Further, plaintiff has complied with the applicable provisions of 46 C.F.R., Part 327

13  in a timely manner prior to bringing this action.

14       7.  At all relevant times, defendant, UNITED STATES, was the owner and/or operator of the

15  SUBJECT VESSEL.

16       8.  At all relevant times, UNITED STATES, was plaintiff's employer aboard the subject

17  vessel.

18       9.  At all relevant times on or about the SUBJECT DATE, plaintiff was employed upon the

19  SUBJECT VESSEL, at the rate of pay and for the term set forth in Shipping Articles, plus bonus,

20  overtime and found, in the capacity of   Able-Bodied Seaman  ("AB ").

21       10. At all relevant times, plaintiff's shipping port is in California.

22       11.  On information and belief, on the occasion of the filing of this action, the SUBJECT

23  VESSEL was generally located on the high seas or in the port of a foreign, sovereign nation or in the

24  United States of America's Port of San Francisco, California.

25                        **FIRST CAUSE OF ACTION**

26                          **(Jones Act Negligence)**

27

COMPLAINT FOR DAMAGES
28  [\lott v us\complaint01]]                    2

12.    Plaintiff incorporates all complaining paragraphs of the foregoing General Allegations as if fully set forth herein.

13    At all relevant times, EMPLOYER owed to plaintiff duties of care, <u>inter</u> <u>alia</u>, to provide plaintiff competent navigation and/or competent conning of the SUBJECT VESSEL, equipment appropriate to the tasks that EMPLOYER ordered and/or caused plaintiff to perform, competent and timely safety planning, competent supervision, reasonable training under the foreseeable circumstances, sufficient help from fellow crewmembers reasonably who were competent and reasonably fit for service, a safe place to work, and the provision of full and proper and timely Maintenance and Cure and/or competent medical care. Moreover, at all relevant times it was within defendant's power to abide by its said duties of care.

14. On or about the SUBJECT DATE, EMPLOYER negligently breached one or more of the abovesaid duties of care owed to plaintiff by failing to fulfill and/or provide any and or all of those particular duties or others as may be disclosed upon discovery hereafter. Further said breaches of duty legally contributed to cause plaintiff to suffer, directly or indirectly, the hereinafter complained of injuries for which EMPLOYER is liable to plaintiff in damages.

15.    On or about the SUBJECT DATE, plaintiff was engaged in the general course and scope of the aforesaid employment and while in the general performance of same and as a legal result of negligence imputable to EMPLOYER, plaintiff was caused to suffer severe injuries,, some of which are believed to be permanent in nature, including but not limited, to plaintiff's right, major shoulder, chest and head . The full extent of all such injuries, conditions and disturbances is not yet precisely known; wherefore, leave to more particularly allege is prayed.

16    By reason of and as a legal result of the foregoing premises, plaintiff has in the past and shall in the future continue to be legally caused to suffer injuries and damages:

a.    For the compensable value of physical and emotional injuries, pain and suffering.

b.    For the loss of wages and earning power.

COMPLAINT FOR DAMAGES
[\lott v us\complaint01]]                    3

c.      For the compensable value of medical treatment and related services.

d.      For the compensable value of the loss of life's pleasures.

e.      For Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary.

All said injuries and damages in an extent, not now precisely known, in excess of $1,190,000.00 .

WHEREFORE, plaintiff prays for damages as hereinafter appears.

## SECOND CAUSE OF ACTION

### (Unseaworthiness)

17.     Plaintiff incorporates all complaining paragraphs of the foregoing General Allegations as if fully set forth herein.

18. On or about the SUBJECT DATE, plaintiff was engaged in the general scope and course of the aforesaid employment and while in the general performance of same and as a proximate result of the SUBJECT VESSEL'S unseaworthiness, plaintiff was caused to suffer severe injuries including but not limited to plaintiff's right, major shoulder, chest and head . The full extent of all such injuries, conditions and disturbances is not yet precisely known; wherefore, leave to more particularly allege is prayed.                        .

19. Although the UNITED STATES could have met its duties of care, owed to the plaintiff, to provide a seaworthy vessel in all particulars, the UNITED STATES nevertheless breached said duties in that, at all relevant times, the SUBJECT VESSEL was unsafe and unseaworthy in failing to provide plaintiff fellow crew members reasonably competent and reasonably fit for service, in failing to provide a safe place to work, seaworthy equipment, appurtenances and or furnishings, failing to provide competent navigation and/or conning, failing to provide full and proper maintenance and cure, or any of these particulars or others as may be disclosed upon discovery hereafter. Further, said unseaworthiness substantially contributed, in whole or in part, to proximately causing the injuries and damages alleged.

20. Solely by reason of and as a proximate result of the foregoing premises, plaintiff suffered

COMPLAINT FOR DAMAGES

[\lott v us\complaint01]]                                    4

severe, disabling injuries to plaintiff's nerves, muscles, tendons, blood vessels, bones and other of plaintiff's body's tissues together with emotional upset, and physical pain; the full extent of all such injuries, conditions and disturbance is not yet precisely known and some or all of same may be permanent in nature.

21. Solely by reason of and as a direct, proximate result of the foregoing premises, defendant breached its duties to plaintiff in the premises and thereby plaintiff has in the past and shall continue to in the future be proximately caused to suffer injuries and damages:

a.      For or the compensable value of physical

        and emotional injuries, pain and suffering;

b.      For the loss of wages and earning power;

c.      For the compensable value of medical treatment and related services;

d.      For the compensable value of the lose of life's pleasure;

e.      For Maintenance and Cure benefits accrued

        to date of trial;

All said injuries and damages in an extent not now precisely known, in excess of $1,190,000.00 .

WHEREFORE, plaintiff prays for damages as hereinafter appears.

.      WHEREFORE, plaintiff claims against defendant as for the below-listed damages, in total in excess of $1,190,000.00  as follows:

1. General damages according to proof.

2. Special damages according to proof.

3. Costs of suit.

4. Such other, further relief as the court may deem proper and just.

BERSCHLER ASSOCIATES, PC.

DATED: July 3, 2007                    _____

ARNOLD I. BERSCHLER,
attorney for plaintiff,
JACKIE V. LOTT

COMPLAINT FOR DAMAGES
[\lott v us\complaint01]]                    5