PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
R. SCOTT BLAZE
Senior Admiralty Counsel
Torts Branch, Civil Division
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6635; (415) 436-6646
E-mail: Scott.blaze@usdoj.gov
          Geoff.owen@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | CIVIL NO. C-07-3530-JL<br><br>ANSWER OF UNITED STATES<br>OF AMERICA |

For its answer to plaintiff's complaint, the United States admits, denies, and otherwise responds as follows:

### RESPONSE TO GENERAL ALLEGATIONS

1. Denies every allegation of paragraph 1, except admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Fed.R.Civ.P. and that the United States is a sovereign which has consented to be sued, if at all, solely pursuant to

the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, incorporating the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918. If any allegations of this paragraph are deemed to be of material fact, they are denied.

2. Admits the events giving rise to this action occurred outside the United States. Admits that this action should properly be assigned to the San Francisco Division of this Court. Denies for lack of information that plaintiff is a resident of the state of Missouri. Denies every other allegation of paragraph 2 not heretofore admitted or denied.

3. Admits that plaintiff was a seaman at the time he alleges he was injured. Admits the vessel on which plaintiff was working at the time of the alleged injury was M/V CAPE JACOBS. Denies every other allegation of paragraph 3 not heretofore admitted or denied.

4. Denies for lack of knowledge and information.

5. Paragraph 5 contains no allegations of material fact and therefore requires no response. To the extent this paragraph is deemed to contain allegations of material fact, they are denied.

6. Denies every allegation of paragraph 6, except admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Fed.R.Civ.P. and that the United States is a sovereign which has consented to be sued, if at all, solely pursuant to the terms and conditions of the Clarification Act, 50 App. U.S.C.A. § 1291, incorporating the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918. If any allegations of this paragraph are deemed to be of material fact, they are denied.

7. Admits that the United States, at the material times alleged in the complaint, was the owner of the M/V CAPE JACOBS. Denies every other allegation of paragraph 7 not heretofore admitted or denied.

8. Admits that at various times, plaintiff was a seaman employed aboard M/V CAPE JACOBS by Matson Navigation, Inc., the United States' ship manager, pursuant to a contract with the United States, the said contract being the best evidence of the matters

set out in the contract and the legal relationships between Matson Navigation, Inc., the United States, plaintiff, and other potentially relevant persons and/or entities. Denies all remaining allegations of paragraph 8.

    9. Admits that at various times plaintiff was employed on M/V CAPE JACOBS. Denies for lack of information the remaining allegations of paragraph 9.

    10. Denies the allegations of paragraph 10 for lack of information and knowledge.

    11. Denies the allegations of paragraph 11 for lack of information and knowledge.

## RESPONSE TO FIRST CAUSE OF ACTION

    12. Defendant United States incorporates its responses to paragraphs 1-11, *supra*, as though each were fully set out herein.

    13. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent this paragraph is deemed to contain allegations of material fact, they are denied.

    14. Denies the allegations of paragraph 14.

    15. Denies the allegations of paragraph 15.

    16. Denies the allegations of paragraph 16 (a) through (e), inclusive.

## RESPONSE TO SECOND CAUSE OF ACTION

    17. Defendant United States incorporates its responses to paragraphs 1-16, *supra*, as though each were fully set out herein

    18. Denies the allegations of paragraph 18.

    19. Denies the allegations of paragraph 19.

    20. Denies the allegations of paragraph 20.

    21. Denies the allegations of paragraph 21 (a) through (e), inclusive.

## FIRST AFFIRMATIVE DEFENSE

    22. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

    23. Plaintiff failed to comply with the administrative claim requirements

1  contained in the Clarification Act, 50 App. U.S.C.A. § 1291, and attendant regulations.

### THIRD AFFIRMATIVE DEFENSE

24. Any damages or injuries plaintiff alleges to have sustained, which are denied by defendant United States, were not caused by any act or omission on the part of the United States, its vessel, crew, servants, employees, agents, or by persons or entities for whose acts it is responsible, or by unseaworthiness of M/V CAPE JACOBS;. rather, such alleged injuries or damages were caused by persons or entities whose acts the United States is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

25. If plaintiff sustained damages or injuries as a result of matters alleged in his complaint, which is denied, those damages or injuries were caused in whole or in part by the negligence and fault of plaintiff and were not caused or contributed to in any manner by any negligence or fault of defendant United States, its agents, servants, employees, crew, vessel or others for whom it is responsible, or by unseaworthiness of M/V CAPE JACOBS.

### FIFTH AFFIRMATIVE DEFENSE

26. This Court lacks subject matter jurisdiction over plaintiff's action based on, *inter alia*, the doctrine of separation of powers. Any acts or omissions by or on behalf of the United States which plaintiff alleges caused or contributed to his alleged injuries or damages were discretionary in nature and are not reviewable by this court.

### SIXTH AFFIRMATIVE DEFENSE

27. The Court lacks subject matter jurisdiction over plaintiff's complaint and action.

### SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to mitigate his alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiff is not entitled to attorneys fees.

## NINTH AFFIRMATIVE DEFENSE

30. Plaintiff is not entitled to a jury trial.

WHEREFORE, the United States prays that the action against it be dismissed with prejudice, with costs, fees and expenses to be borne by plaintiff, and for such further relief as this Court may deem appropriate.

Dated:   September 5, 2007

PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division


      /s/ R. Scott Blaze
R. SCOTT BLAZE
Senior Admiralty Counsel
Torts Branch, Civil Division
G. D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant
United States of America