```
 1 │ BERSCHLER ASSOCIATES, PC
   │ Arnold I. Berschler, SBN# 56557
 2 │ 22 Battery Street, Suite 810
   │ San Francisco, CA 94111
 3 │ Telephone (415) 398 1414
 4 │ Attorneys for Plaintiff,
   │ JACKIE V. LOTT
 5 │
   │ PETER D. KEISLER
 6 │ Assistant Attorney General
   │ SCOTT N. SCHOOLS
 7 │ United States Attorney
   │ R. MICHAEL UNDERHILL
 8 │ Attorney in Charge, West Coast Office
   │ Torts Branch, Civil Division
 9 │ R. SCOTT BLAZE
   │ Senior Admiralty Counsel
10 │ Torts Branch, Civil Division
   │ GEOFFREY D. OWEN
11 │ Trial Attorney
   │ Torts Branch, Civil Division
12 │ U.S. Department of Justice
   │ 7-5395 Federal Bldg., P.O. Box 36028
13 │ 450 Golden Gate Avenue
   │ San Francisco, California  94102-3463
14 │ Telephone:  (415) 436-6635; (415) 436-6646
   │ E-mail: Scott.blaze@usdoj.gov
15 │         Geoff.owen@usdoj.gov
16 │ Attorneys for Defendant
   │ United States of America
17 │
```

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACKIE V. LOTT, | ) | CIVIL NO.  C-07-3530-PJH |
| | ) | |
| Plaintiff, | ) | JOINT CASE MANAGEMENT |
| | ) | STATEMENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Wherefore, counsel for the parties having conferred, they make the following joint case management statement:

1. <u>Jurisdiction and Service</u>: This is an admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h) and that the United States is a sovereign which has consented to be sued, if at all, solely pursuant to the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, incorporating the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

2. <u>Facts</u>:

    a. Chronology: This is a seaman's injury action by Jackie V. Lott for damages allegedly sustained when he fell while transferring from a launch to the M/V CAPE JACOB (the Vessel) while the Vessel was at anchor. Following the incident plaintiff received medical care, was discharged from the Vessel and received continuing medical care and treatment until he was determined to be fit for duty on December 1, 2006.

    b. Principal factual issues in dispute:

        (1) Whether the United States was negligent in any regard?

        (2) Whether plaintiff was negligent in any regard?

        (3) Whether the Vessel was unseaworthy in any regard?

        (4) Whether any unseaworthiness of the Vessel or negligence of the United States caused or contributed to the plaintiff's injury?

        (5) Whether the plaintiff caused any unseaworthy condition?

        (6) Whether the plaintiff caused or contributed to his own injuries?

        (7) In the event the defendant is liable to the plaintiff, the percentage reduction in his recovery, if any, due to plaintiff's own fault?

        (8) Whether the defendant was engaged in a discretionary activity for which its sovereign immunity is not waived?

(9) The type and extent of plaintiff's provable injuries, if any?

(10) The type and extent of plaintiff's damages, if any?

(11) Whether plaintiff failed to mitigate his damages, if any?

3. <u>Legal Issues</u>:

   a. Whether any negligence by defendant or unseaworthiness of the Vessel was a legal cause of plaintiff's alleged injuries?

   b. Whether any negligence by plaintiff was a legal cause of plaintiff's alleged injuries.

   c. Whether plaintiff breached a duty of care and was comparatively negligent, and if so, in what proportion?

   d. Whether plaintiff failed to mitigate his damages?

   e. Whether defendant exercised due care?

   f. Whether any damages plaintiff suffered were legally caused by the United States?

   g. Whether the government defendant was engaged in a discretionary activity for which its sovereign immunity is not waived?

   h. Whether the court has subject matter jurisdiction?

   i. Whether attorneys fees and/or costs are awardable?

4. <u>Motions</u>: No prior or pending motions.

5. <u>Amendment of Pleadings</u>: The United States does not anticipate amending, but reserves the right subject to the Fed.R.Civ.P. to amend, its answer in this matter. Similarly, Jackie V. Lott does not anticipate amending, but reserves the right subject to the Fed.R.Civ.P. to amend, his complaint in this matter.

6. <u>Evidence Preservation</u>: The United States will attempt to ensure that all relevant documents in its, or its agents', possession are preserved.

7. <u>Disclosures</u>: The United States served initial disclosures on plaintiff's counsel

on October 2, 2007. Jackie V. Lott served his first disclosures upon the defendant on September 26, 2007.

   8. <u>Discovery</u>: No discovery has been taken to date by either party in this matter. The scope of discovery is expected to include all documentation included in the plaintiff's administrative claim submissions to MARAD, documents/logs/reports from the Vessel and ship manager relevant to its status/condition at the time of the alleged incident, depositions of known witnesses and the Vessel's personnel at the time of the alleged incident, documents related to the relationship that existed between the defendant and or the ship manager and the entity that provided launch services at the time of the alleged incident.

   9. <u>Class Actions</u>: Not applicable.

   10. <u>Related Cases</u>: None.

   11. <u>Relief</u>: Jackie V. Lott seeks monetary, compensatory damages and with prejudgment interest as allowed by statute. The United States seeks all relief prayed for in the Answer of the United States.

   12. <u>Settlement and ADR</u>: An ADR Conference was held Monday, October 15, 2007. Discussions on ADR continue between parties. A final ADR conference is scheduled for October 30, 2007, at 10:00 a.m.

   13. <u>Consent to Magistrate Judge for All Purposes</u>: The United States has not consented to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

   14. <u>Other References</u>: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

   15. <u>Narrowing of Issues</u>: The parties will endeavor to reach agreement to present some part of the case on an agreed statement of facts. The parties will attempt to stipulate to the authenticity and admissibility of some or all of the exhibits to be presented at trial.

16. <u>Expedited Schedule</u>: The parties agree that this does not appear to be a case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: To be determined at the case management conference, set by the Court for November 1, 2007.

18. <u>Trial</u>: This case is to be tried to the court and not to a jury.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: None.

Dated: October 25, 2007

    /S/ *Arnold I. Berschler*
BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414

Dated: <u>October 25, 2007</u>

PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
R. SCOTT BLAZE
Senior Admiralty Counsel
Torts Branch, Civil Division


    /s/ *Geoffrey D. Owen*
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant
United States of America