```
BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414


Attorneys for PLAINTIFF:
JACKIE V. LOTT
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant<br>_____ | Civil No. C-07-3530-PJH<br><br>DATE:　　APRIL 9, 2008<br>TIME:　　9:00 a.m.<br><br>**NOTICE OF AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br>• Declaration of Arnold I. Berschler<br>• Memorandum of points and authorities |

TO the defendant, United States of America, and its attorneys of record:

　　PLEASE TAKE NOTICE that on April 9, 2008 at 9:00 a.m., or as the Court may otherwise call, in the courtroom of the Honorable Phyllis J. Hamilton, Judge of the United States District Court, at 450 Golden Gate Avenue, San Francisco, California, the plaintiff, Jackie V. Lott, will move the Honorable Court for its order of protection that no further deposition of plaintiff be had upon issues of prior or remote, alleged, criminal (misdemeanor) conduct and/or alcohol ingestion remote from the accident date. Further, that the deposition of the plaintiff be deemed completed. THE GROUNDS ARE that defendant attempted an unreasonable fishing expedition, harassing the plaintiff, in deposition, about whether he has a prior history of arrest and/or drug/alcohol use, as well as to discover a history of criminal convictions (without limiting such in time or scope). Defendant had proceeded in bad faith. Wherefore, plaintiff refused to respond and now seeks the Court's

1  protection. GOOD CAUSE EXISTS to issue the protective order and there is no countervailing,
2  proper basis upon which to deny relief.
3     This motion will be based upon this notice and the following matter as well as such other
4  matter as the Court may deem proper and just.

5                                              BERSCHLER ASSOCIATES, PC.

6  DATED: March 4, 2008              /s/ Arnold I. Berschler
                                       ARNOLD I. BERSCHLER,
7                                      attorney for plaintiff,
                                       JACKIE V. LOTT
8

9              **DECLARATION OF ARNOLD I. BERSCHLER IN SUPPORT**

10     I, ARNOLD I. BERSCHLER, declare under penalty of perjury that the following allegations
11  are true and correct of my personal knowledge, my business records and/or matters for judicial
12  notice.
13  1.  Plaintiff Jackie V. Lott ("Mr. Lott" hereinafter) filed suit for personal injury damages under
14      the *Jones Act,* 46 U.S.C. §. 30104, and the general maritime law. His complaint alleges that
15      he was injured while in the scope and course of his employment as a seaman aboard
16      defendant's vessel. Mr. Lott alleges that he sustained injury when he fell from the vessel's
17      gangway while attempting to re-board the vessel from a smaller one along side.
18  2.  Mr. Lott traveled from his home in Missouri and deposed at defense counsel's San Francisco
19      office on February 26, 2008, pursuant to notice.
20  3.  The deposition was taken by Geoffrey D. Owen. Mr. Owen's supervisor, R. Scott Blaze,
21      attended.
22  4.  At no time did Mr. Lott depose that he had consumed any alcohol or foreign substances
23      (drugs) on the accident date, prior to the accident.
24  5.  When defendant produced its disclosures, it did not disclose any allegations of drug or
25      alcohol use by Mr. Lott prior to the accident, including in the partial version of a report the
26      vessel made to the U. S. Coast Guard about the accident.
27

6. Throughout the many months during which plaintiff complied with the administrative claims procedure and secured maintenance and cure benefits, through me, prior to suit, the agents for defendant never complained or remarked about or claimed any issue of drugs or alcohol being related to Mr. Lott and the cause of the accident.

7. Toward the end of the deposition, Mr. Owen asked a series of questions: Had Mr. Lott ever ingested any illegal drugs and/or ever been treated for drug or alcohol abuse, and the like.

8. Mr. Owen then asked whether Mr. Lott had ever been arrested for drug or alcohol abuse.

9. When I and Mr. Owen and Mr. Blaze held a rules conference during the deposition, consequent to me instructing Mr. Lott to not answer the questions outlined in the preceding paragraphs, defense counsel proffered neither case law nor an offer of proof as to why such questioning was valid, especially in view of F.R.E. 609 and the Advisory Committee Notes thereto.

10. Mr. Lott deposed that he had not been convicted of a felony.

11. Submitted herewith, as Exhibit 1 hereto, is a true, correct copy of that portion of the deposition questions and responses and colloquy in issue.

12. Mr. Lott absolutely is not a "drugee"; however, the defense counsels' tactics in discovery require plaintiff to assert his right to be free from such abusive tactics.

EXECUTED ON March 4, 2008 at San Francisco, California.


                                           */s/ Arnold I. Berschler*
                                           ARNOLD I. BERSCHLER

## **MEMORANDUM OF POINTS AND AUTHORITIES**

JURISDICTION AND BURDEN OF PROOF

      Plaintiff moves under F.R.Civ.P. 26(b)(5)( c). Plaintiff has the burden to demonstrate Good Cause. *Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). See, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

SPECIFIC NEED FOR PROTECTION EXISTS

In Swarzer, Tashima, Wagstaffe, *California Practice Guide:Federal Civil Procedure Before Trial*, at Chap.11 Discovery, §11:89.1, pp. 11-42 and 11-43 (Rev# 1999)[ citing to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772,787-791], the authors note seven factors upon which the existence of Good Cause should be determined. All seven factors militate in plaintiff's favor:

1. **The information is not sought for a legitimate purpose.**

Here, the law is clear that prior arrests and/or convictions of misdemeanors as to matters that do not involve dishonesty will not be admissible. *Medrano v. City of Los Angles*, 973 F.2d 1499, 1507 (9th Cir. 1992) [Impeachment, at trial on personal injury claims, through history of arrest and conviction of misdemeanor drug and shoplifting matters resulted in reversal of judgment upon jury verdict]. In *Sacramona v. Bridgestone/Firestone, Inc.*, 152 F.R.D. 428, 431, the court remarked that unsupportable fishing expeditions are the proper subject for a protective order.

> [A] party "ought not to be permitted to use broadswords where scalpels will suffice, nor undertake wholly exploratory operations in the vague hope that something will turn up" [Citation omitted]

In short, the sought for information would not be admissible in any event, so why reveal it (if it exists)?

Moreover, the sought for information is not relevant to the claims and/or defenses. There is no scienter of "under the influence" in this action.

2. **The disclosure would violate plaintiff's residual right of privacy**.

An examination of F.R.Civ.P. 26(b)(5)( c) and F.R.E. 609 show the concern that a party should be prevented from throwing every bad thing up against the "barn wall" in hope that some will stick. This is why parties can obtain protection from not only harassment, but inquiry into personal matters that have no evidentiary bearing on a case.

3. **The disclosure would embarrass the plaintiff.**

Obviously the inquiries would result in embarrassment were plaintiff to respond

affirmatively. (Plaintiff brings this motion out of principle.)

4. **The disclosure is not important to the public's health or safety.**

Although plaintiff's damages are extensive, this is not a case that will affect the fabric of society.

5. **Sharing of the information would not promote fairness and efficiency in this litigation.**

It might do quite the opposite. Were there positive responses, defendant might believe that it could defend by demeaning of plaintiff's character; thus decreasing the chances of settlement and assuring the likelihood of a limine motion.

6. **Mr. Lott is not a public official.**

The public's need to know is reduced to a virtual zero level.

7. **The case does not offer issues of public importance.**

This was discussed above.

## CONCLUSION

There is no reason to allow plaintiff to be deposed upon inadmissible matters. The existence of such could not be seen to lead to discoverable evidence. Nevertheless, the discovery is an harassment of the plaintiff and theoretically would invade his privacy. It certainly would be quite embarrassing to him if he had been arrested or treated for substance abuse.

Good cause exists to issue an order that deems the deposition to be closed. There is no countervailing need for discovery. Defendant had proceeded in bad faith.

RESPECTFULLY SUBMITTED,

BERSCHLER ASSOCIATES, PC.

DATED: March 4, 2008          */s/ Arnold I. Berschler*
ARNOLD I. BERSCHLER,
attorney for plaintiff,
JACKIE V. LOTT