1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3

4   JACKIE V. LOTT,

5          Plaintiff,

6      vs.              CIVIL NO. C-07-3530-PJH

7   UNITED STATES OF AMERICA,

8          Defendant.

9

10

11

12   _____

13

14   PARTIAL TRANSCRIPT OF DEPOSITION OF JACKIE V. LOTT

15          San Francisco, California

16          Tuesday, February 26, 2008

17

18

19

20

21   Reported by:
     DIANE M. GALLAGHER
22   RPR, CSR No. Michigan 2191

23   JOB No. 82993

24

25

1         UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3

4   JACKIE V. LOTT,

5        Plaintiff,

6    vs.                CIVIL NO. C-07-3530-PJH

7   UNITED STATES OF AMERICA,

8        Defendant.

9

10

11

12   _____

13

14        Partial transcript of the Deposition of

15   JACKIE V. LOTT, taken on behalf of Defendant, at

16   450 Golden Gate Avenue, Room 7-5395, San Francisco,

17   California, on Tuesday, February 26, 2008, before

18   DIANE M. GALLAGHER, Certified Shorthand Reporter,

19   Michigan No. 2191.

20

21

22

23

24

25

1  APPEARANCES:

2

3  For Plaintiff:

4     BERSCHLER ASSOCIATES, PC
       BY:   ARNOLD I. BERSCHLER
5      Attorney at Law
       22 Battery Street, Suite 810
6      San Francisco, California 94111
       415-398-1414
7      info@berschler.com

8
   For Defendant:
9
       UNITED STATES DEPARTMENT OF JUSTICE
10     TORTS BRANCH, CIVIL DIVISION
       BY:   GEOFFREY D. OWEN
11        R. SCOTT BLAZE
       Attorneys at Law
12     7-5395 Federal Building, P.O. Box 36028
       450 Golden Gate Avenue
13     San Francisco, California 94102-3463
       415-436-6635
14     geoff.owen@usdoj.gov
       scott.blaze@usdoj.gov
15

16

17

18

19

20

21

22

23

24

25

4

1                    INDEX

2
    WITNESS                        PAGE
3
    JACKIE V. LOTT
4

5

6
    EXHIBITS
7
    A-1
8
    A-2
9
    A-3
10
    A-4
11
    A-5
12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   San Francisco, California - Tuesday, February 26, 2008

2

3           (Partial transcript)

4

5     Q   (BY MR. OWEN)  Are you now or have you ever

6   been diagnosed as an alcoholic?

7     A   No.

8         MR. BERSCHLER:   You are going to have to start

9   slowing down on your responses and give me a chance to

10   object.   Okay?

11         THE WITNESS:  Yes, sir.

12     Q   (BY MR. OWEN)  Have you ever used illegal  --

13         MR. BERSCHLER:   And I will make an objection

14   to that.   Don't answer.

15         Go ahead.   You can ask him any question you

16   want to.  Go ahead.

17     Q   (BY MR. OWEN)  Have you ever used illegal

18   drugs?

19         MR. BERSCHLER:   Don't answer that question.

20        MR. OWEN:   What's the basis, Arnold?

21        MR. BERSCHLER:   What's the basis of asking him

22   if he has ever used illegal drugs?   You can't impeach

23   him with it.    How is that designed to lead to

24   admissible evidence?   Suppose he used marijuana when he

25   was 14 years old.  How does that relate to a man in his

1   late 50's?

2       Q   (BY MR. OWEN)  Well, let me ask this question:

3   have you ever used illegal drugs during your work as a

4   merchant seaman?

5       MR. BERSCHLER:   I don't think that that's

6   something I will allow him to answer either.

7          You are going to have to prove to the Judge

8   that something like that is calculated to lead to

9   admissible evidence.

10         We have established in this case so far -- let

11   me finish --  we have established in this case so far

12   that the man has denied that he has ever lost or had his

13   document impeded, so, you know, that's where that's at.

14       MR. OWEN:   So your objection, that doesn't

15   prohibit him from answering the question.

16       MR. BERSCHLER:   Sure it does.  I am not going

17   to let him answer the question.   You can make a motion

18   or maybe I will make a protective motion, one of the

19   two.

20        It's just, it's an abuse of discovery question.

21   There's no basis at all to do it.

22        I don't know what the answer is.  There's

23   just -- it's beyond the pale.

24        MR. OWEN:   I will just note, then, that I

25   don't see a basis under the Federal Rules for you to

1  instruct your client to not answer because under Rule 30

2  the only grounds for which you can make such an

3  instruction is for a privilege matter.

4       MR. BERSCHLER:  No, that's not true.  There's

5  another ground, and that is I am going to seek a

6  Protective Order.  That's also in the rule.

7       MR. OWEN:   It is, yes.

8       MR. BERSCHLER:   So that's what's going to

9  happen.

10      MR. OWEN:   Okay.

11   Q   (BY MR. OWEN)  Moving on, Mr. Lott, have you

12  ever been convicted of a felony?

13      MR. BERSCHLER:   I am going to make an

14  objection.   You can answer the question.

15      THE WITNESS:  No.

16   Q   (BY MR. OWEN)  Okay.   Are you currently

17  receiving any benefits from Social Security?

18   A   No.

19         (Examination continues.)

20          *          *          *

21          MR. BLAZE:   I believe that Mr. Owen's

22   questions are finished, but I wanted to clarify Mr.

23   Berschler's and Plaintiff's position on instructions not

24   to answer.

25          Are you moving to terminate or limit this

1  deposition at this point, as the rule requires?

2       MR. BERSCHLER:   Well, what I am going to do is

3  to, when this session is over, if we can't work things

4  out, then I will make my motions.

5       I don't have the Rule in front of me.   If you

6  would allow me to read it, I will refresh myself.

7       MR. BLAZE:    The amended rule as of December

8  1, 2007 says that a person may instruct the deponent not

9  to answer only when necessary to preserve the privilege,

10  to enforce a limitation ordered by the Court, or to

11  present a motion under Rule 30 B(3); motion to terminate

12  or limit the grounds are at any time during a deposition

13  the deponent or a party may move to terminate or limit

14  it on the ground that it is being conducted in bad faith

15  or in a manner that unreasonably annoys, embarrasses or

16  oppresses the deponent or a party.

17       And I assume that's what you are asserting that

18  it is either in bad faith or it unreasonably annoys,

19  embarrasses or oppresses because what you stated seems

file:///D|/LOTT(PAR)0226.txt

20   to be based on relevance and admissibility.  Thank you.

21        MR. BERSCHLER:   Thank you for bringing this

22   book into the room.  I appreciate that.

23        Yeah, essentially, if we can't work it out,

24   then what I will do is go to the Court to have the Court

25   deem that those questions need not be answered, and my

1   feeling is that at that point there will be no further

2   reason to bring the man back to depose on them or to

3   cause interrogatories to be directed towards those

4   issues, those questions.  Thanks.

5        MR. BLAZE:   Okay.  Why don't we just, we will

6   leave the issue open.

7        It's the Government's position that there is no

8   authority within the Federal Rules of Civil Procedure

9   for an instruction such as plaintiff's counsel has given

10  to plaintiff.

11       We will leave the deposition open pending any

12  action which may be taken by Mr. Berschler, as he just

13  stated, I believe, on the record.

14       If necessary, if the Court determines that the

15  questions were appropriate, we will expect the witness

16  to return at the witness' expense, and certainly if the

17  Court determines the questions are appropriate, we can

18  also try to find this out through written discovery.

19       MR. BERSCHLER:   What I need to know is whether

20    or not Mr. Owen has anymore questions for my client at

21    this point?

22            MR. OWEN:   Not at this time.

23            MR. BERSCHLER:   Okay.

24                (End of partial transcript.)

25

1       I, the undersigned, a Certified Shorthand

2   Reporter of the State of Michigan, and Notary Public of

3   the State of California, do hereby certify:

4       That the foregoing proceedings were taken

5   before me at the time and place herein set forth; that

6   any witnesses in the foregoing proceedings, prior to

7   testifying, were duly sworn; that a record of the

8   proceedings was made by me using machine shorthand which

9   was thereafter transcribed under my direction; further,

10   that the foregoing transcript is a true record of the

11   testimony given.

12       Further, that if the foregoing pertains to the

13   original transcript of a deposition in a Federal Case,

14   before completion of the proceedings, review of the

15   transcript ( ) was ( x ) was not requested.

16       I further certify I am neither financially

17   interested in the action nor a relative or employee of

18   any attorney or party to this action.

19       IN WITNESS WHEREOF, I have this date subscribed

20  my name.

21

22  Dated: _____

23

       _____

24         DIANE M. GALLAGHER, RPR
        CSR (Mich) No. 2191
25         CA Notary Public No. 1419258