BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414

Attorneys for PLAINTIFF:
JACKIE V. LOTT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant<br>_____ | Civil No. C-07-3530-PJH<br><br>DATE:  April 16, 2008<br>TIME:  9:00 a.m.<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF DATA**<br>•  Declaration of Arnold I. Berschler<br>•  Memorandum of points and authorities |

TO the United States of America and its attorneys of record:

  PLEASE TAKE NOTICE that on April 16, 2008 at 9:00 a.m., or as may be called thereafter, in the courtroom of the Honorable Phyllis J. Hamilton, United States District Court Judge, at 450 Golden Gate Avenue, San Francisco, California, Plaintiff will move the Honorable for its order compelling the defendant to divulge the last known addresses and telephone numbers of prospective witnesses, disclosed and/or to be disclosed in past and/or future written discovery and FRCP 26 disclosures. THE GROUNDS being that: (A) Defendant has refused to divulge the addresses and telephone numbers of persons it identified as witnesses in its Initial Disclosure, asserting that defendant and its attorneys of record were barred from disclosing such by the *Privacy Act*, 5 U.S.C. §552a. (B) Defendant has disputed liability and has asserted plaintiff's comparative fault as a defense in this action. ( C) Defendant, generally, is the only source of contact information of actual

and potential witnesses on issues of liability, all of whom appear to be defendant's former employees (vessel complement, shore side management). (D) Not all of the potential and/or actual witnesses are agents of the defendant whom the defendant is obliged to produce for deposition merely upon notice of the taking of depositions. (E) WHEREFORE, plaintiff cannot fully pursue his case preparation without knowing this contact information.

CERTIFICATION PURSUANT TO FRCP 37(2)(A): The parties' respective counsel completed unsuccessful Rules Conferences upon the foregoing issues prior to the filing of this motion. See declaring paragraph, No. 2, below.

This motion will be based upon this notice and the following matter as well as such other matter as the Court may deem proper and just.

RESPECTFULLY SUBMITTED,

BERSCHLER ASSOCIATES, PC.

DATED: March 7, 2008   */s/ Arnold I. Berschler*
ARNOLD I. BERSCHLER,
attorney for plaintiff,
JACKIE V. LOTT

### DECLARATION OF ARNOLD I. BERSCHLER IN SUPPORT

I, ARNOLD I. BERSCHLER, declare under penalty of perjury that the following allegations are true and correct of my personal knowledge, my business records and/or matters for judicial notice.

1. Defendant listed several persons in its list of potential witnesses within its initial disclosures, pursuant to FRCP 26. The list named individuals who are not managing agents of the defendant. The list did not include any contact information.

2. I spoke with Geoffrey D. Owen and/or R. Scott Blaze, defense counsel, upon more than one occasion about whether defendant would reveal witness contact information. Each of these gentlemen advised that no such contact information, now and/or in response to future discovery in this action, would be revealed without an order of this Court relieving them of

their perceived obligations under the *Privacy Act*.

3. This action involves a claim for personal injury damages by a seafarer witnessed and formally reported to be in an accident while under articles aboard defendant's vessel. In short, the vessel and other records disclosed state that he fell from a gangway onto a smaller craft, then into harbor waters while in Korea when exposed to an allegedly unusual and unsafe means of ingress provided by the ship. Potential witnesses include both some of the complement of the defendant's vessel as well as Korean crew aboard the smaller craft.

4. I have no practical means of contacting and/or subpoenaing the potential witnesses without their respective contact information.

5. My experience is that the complement of merchant vessels expect that they may be contacted about their knowledge of accidents and incidents occurring aboard their work place. The vessel, CAPE JACOBS, is and was crewed by the member of the Seafarers International Union, in part. I have been involved in discovery of witnesses' contact information involving other vessels crewed by that union, and others, in the past and presently. There, the private employers of these merchant seamen asserted any privacy right as a basis to not disclose addresses and telephone numbers of non managerial crew or shore side witnesses.

6. In my experience with the United States as a defendant in these sorts of cases, the *Privacy Act* is not seen by counsel for the United States as any deterrent to said counsel directly contacting witnesses whose contact information is asserted as protected under the Act, even as to non-managing agent witnesses.

7. Thus, by issuing an order requiring the defendant to reveal known contact information, plaintiff would be put upon the same plane as defendant in case preparation.

8. This is important, even as to managerial type of witnesses, because the defendant may not be able to produce such for deposition and, in all events, their contact information would be necessary to produce such persons at trial.

9. The Court's resources would be preserved through eliminating repetitive, similar motions,

by issuance of an order to reveal contact information that applied both prospectively as well as retroactively in this action.

EXECUTED ON March 7, 2008 at San Francisco, California.

                                      */s/ Arnold I. Berschler*
                                      ARNOLD I. BERSCHLER

## MEMORANDUM OF POINTS AND AUTHORITIES

JURISDICTION AND BURDEN OF PROOF

Plaintiff proceeds under FRCP 37(a)(2). The Rule provides that Mr. Lott may seek an order of the Court compelling the United States to disclosure information and/or to reveal such in discovery.

Plaintiff need only prove that the sought for information is relevant. *Ford Motor Co. U.S.*, 825 F.Supp. 1081 (CIT. 1993).

BALANCING OF INTERESTS WOULD BE INCORRECT ANALYSIS

Defendant objected to providing the contact information upon the grounds that "These witnesses' personal addresses and telephone numbers are protected from disclosure by the Privacy Act, 5U,S,C,§552a."

In *Ford Motor Co. U.S.*, supra, that court addressed the plaintiff's motion seeking the contact information of witnesses whose information the United States had refused to provide, citing the same statute. When the United States argued that the *Ford Motor* court should apply a balancing test, that court flatly rejected the argument, noting that a balancing test was only required under *FOIA*, 5 U.S.C. §552. "In assessing discovery requests based on 5 U.S.C.§552a(b)(11), courts need only apply the relevancy standard set forth in Fed.R.CivP. 26(b)(1). *Laxalt v. McClatchy*, 509 F.2d 885, 889 (D.C. Cir. 1991)." *Ford Motor Co. U.S.*, supra, 825 F.Supp. at 1083.

CONCLUSION

Plaintiff respectfully argues that the relevancy of these potential witnesses is plain.

1     Further, this Court has jurisdiction to order that the defendant and its agents and employees
2 reveal telephone numbers and addresses of witnesses sought by and/or revealed in future discovery
3 in this action; thereby obviating the need for the plaintiff to have to refer to the Court upon each
4 future occasion. FRCP : A just speed and efficient solution to the issue.

5                                         RESPECTFULLY SUBMITTED,

6                                         BERSCHLER ASSOCIATES, PC.

7 DATED: March 7, 2008         /s/ *Arnold I. Berschler*
                                       ARNOLD I. BERSCHLER,
8                                        attorney for plaintiff,
                                       JACKIE V. LOTT