JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
R. SCOTT BLAZE
Senior Admiralty Counsel
Torts Branch, Civil Division
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone:  (415) 436-6635; (415) 436-6646
E-mail:      scott.blaze@usdoj.gov
             geoff.owen@usdoj.gov

Attorneys of Defendant & Cross-claimant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT, | CIVIL NO.  C-07-3530-PJH-EMC |
| Plaintiff, | OPPOSITION OF THE UNITED STATES TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER. |
| v. | |
| UNITED STATES OF AMERICA, | Date:    April 11, 2008 |
| Defendant. | Time:    10:30 AM<br>Before:  EDWARD M. CHEN<br>         United States Magistrate Judge |

1. <u>BACKGROUND</u>

On February 14, 2008, the United States filed a Notice of Examination for the plaintiff, Jackie V. Lott, in this matter. On February 26, 2008, plaintiff appeared as agreed for the examination.  During the course of the examination, counsel for plaintiff directed

plaintiff not to answer several questions regarding plaintiff's past use or non-use of alcohol and/or drugs. Counsel for both parties discussed the limited grounds for termination of a deposition under Fed.R.Civ.P. 30(b)(4) and plaintiff's counsel indicated his intention to file a motion for a protective order pursuant to the Rule. Some questioning continued and then the deposition was halted, pending the filing of plaintiff's motion. (See Partial Transcript of Deposition of Jackie V. Lott, attached hereto as Exhibit A.) On March 3, 2008, plaintiff filed his motion for a protective order. In the initial paragraph to his motion, plaintiff states that the grounds for the motion are that, "defendant attempted an unreasonable fishing expedition...had proceeded in bad faith."

2. <u>DISCUSSION</u>

Pursuant to Fed.R.Civ.P. 30(d)(1), the only grounds for instructing a deponent not to answer are to preserve a privilege, enforce a limitation directed by the court, or to present a motion under Fed.R.Civ.P. 30(d)(4). The grounds for a motion under Fed.R.Civ.P. 30(d)(4) are a showing that the deposition is being conducted in bad faith or "in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." None of the grounds provided in Fed.R.Civ.P. 30(d) serve to justify an instruction not to answer based on counsel's belief that the question is outside the scope of relevance. To the contrary, even when objections are raised, "[e]vidence shall be taken subject to the objection." Fed.R.Civ.P. 30(c). Fed.R.Civ.P. 30(d)(4) allows a court in its discretion to limit discovery via a protective order in accordance with Fed.R.Civ.P. 26(c).

A party seeking to limit discovery must make a "strong showing" for limitation, and a particular and specific need for the protective order. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Ca. 1990). A protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c). "For good cause to exist, the party seeking protection bears the burden

OPPOSITION OF THE UNITED STATES TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER     2     C-07-3530-PJH-EMC

1  of showing specific prejudice or harm will result if no protective order is granted." *Phillips
2  v. General Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir.2002); *Beckman Indus., Inc. v.
3  Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.), *cert. denied,* 506 U.S. 868, 113 S.Ct. 197, 121
4  L.Ed.2d 140 (1992). "Good cause" is established where it is specifically demonstrated that
5  disclosure will cause a "specific prejudice or harm." *Phillips,* 307 F.3d at 1211-12. Courts
6  have held that the showing of "good cause" under Rule 26 is a heavy burden. See
7  *Blankenship v. Hearst Corp.,* 519 F.2d 418 (9th Cir.1975). "Broad allegations of harm,
8  unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c)
9  test." *Phillips,* 307 F.3d at 1211-12 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d
10 470, 476 (9th Cir.1992)). In balancing private and public interests, courts have looked to the
11 following factors: (1) whether disclosure will violate any privacy interests; (2) whether the
12 information being sought is for a legitimate purpose or for an improper purpose; (3) whether
13 disclosure of the information will cause a party embarrassment;(4) whether confidentiality
14 is being sought over information important to public health and safety; (5) whether the
15 sharing of information among litigants will promote fairness and efficiency; (6) whether a
16 party benefitting from the order of confidentiality is a public entity or official; and (7)
17 whether the case involves issues important to the public. *Phillips,* 307 F.3d at 1211-12 *(citing
18 Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir.1995)).

19      In filing his suit, plaintiff has placed at issue any factor that might have contributed
20 to his alleged injuries. Here, plaintiff was returning from shore to the vessel when the
21 incident that allegedly caused the injury took place. In developing a reasonable defense, it
22 is incumbent on the United States to explore all possible contributing factors that could have
23 led to the circumstances. Once such possibility is that the plaintiff was under the influence
24 of alcohol or drugs which could have impaired his ability to embark the vessel following
25 shore leave. The line of questioning regarding current and past alcohol or drug use was
26 intended simply to establish, under oath and subject to perjury, plaintiff's own testimony

OPPOSITION OF THE UNITED STATES TO                3              C-07-3530-PJH-EMC
PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER

regarding whether alcohol may have been a factor in this case. Discovery is not complete and the relevancy of these questions may be at issue, but that alone is insufficient grounds for not answering. Plaintiff's counsel may make his objection for the record but the questions should have been answered. While plaintiff might be embarrassed by the answers, the reasonable requirement for the United States to establish on the record, subject to penalty of perjury, the answers to these questions far outweighs any such potential embarrassment. The public has a vested interest in this, and any other similar case, in that plaintiff has sought significant sums in damages for his alleged injuries. The public has an interest in the reasonable and thorough defense of the United States as well as the safety of the vessels operated on behalf of the United States. The information sought will provide a reasonable basis for both plaintiff and defendant to enter into meaningful mediation prior to proceeding with litigation thereby promoting fairness and efficiency.

3.  CONCLUSION

Plaintiff has not met the burden of making a strong showing that the subject deposition questions were asked for the purpose of annoyance, embarrassment, oppression, or undue burden or expense of the plaintiff. Further, Plaintiff has not made any showing of specific harm or prejudice that plaintiff faces if the questions are asked. Therefore, the plaintiff motion should be denied.

///
///
///
///
///
///
///

Dated:   3/19/08

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
R. SCOTT BLAZE
Senior Admiralty Counsel
Torts Branch, Civil Division


 /s G. D. OWEN
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant,
United States of America

OPPOSITION OF THE UNITED STATES TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER          5          C-07-3530-PJH-EMC

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2008, I served by U. S. Mail, first class delivery, a copy of the foregoing OPPOSITION OF THE UNITED STATES TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER with attached exhibits and proposed order on:

> BERSCHLER ASSOCIATES, PC
> Arnold I. Berschler
> 22 Battery Street, Suite 810
> San Francisco, CA 94111
> (415) 398 1414

    /s Veronica L. Garner
        Veronica L. Garner