# EXHIBIT A
# PARTIAL TRANSCRIPT OF
# DEPOSITION OF JACKIE V. LOTT

Opposition of the United States
to Plaintiff's Motion for Protective Order
Exhibit A, 1 of 11

LOTT(PAR)0226

1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4   JACKIE V. LOTT,
 5          Plaintiff,
 6      vs.                    CIVIL NO. C-07-3530-PJH
 7   UNITED STATES OF AMERICA,
 8          Defendant.
 9
10
11
12   _____
13
14     PARTIAL TRANSCRIPT OF DEPOSITION OF JACKIE V. LOTT
15                  San Francisco, California
16                  Tuesday, February 26, 2008
17
18
19
20
21   Reported by:
     DIANE M. GALLAGHER
22   RPR, CSR No. Michigan 2191
23   JOB No. 82993
24
25
```

2

```
 1              UNITED STATES DISTRICT COURT
```

Page 1

```
                         LOTT(PAR)0226
 2              NORTHERN DISTRICT OF CALIFORNIA

 3

 4    JACKIE V. LOTT,

 5              Plaintiff,

 6       vs.                    CIVIL NO. C-07-3530-PJH

 7    UNITED STATES OF AMERICA,

 8              Defendant.

 9

10

11

12    _____

13

14         Partial transcript of the Deposition of

15    JACKIE V. LOTT, taken on behalf of Defendant, at

16    450 Golden Gate Avenue, Room 7-5395, San Francisco,

17    California, on Tuesday, February 26, 2008, before

18    DIANE M. GALLAGHER, Certified Shorthand Reporter,

19    Michigan No. 2191.

20

21

22

23

24

25
```

3

```
 1   APPEARANCES:

 2

 3   For Plaintiff:

 4        BERSCHLER ASSOCIATES, PC
          BY:   ARNOLD I. BERSCHLER
                    Page 2
```

```
                            LOTT(PAR)0226
 5          Attorney at Law
            22 Battery Street, Suite 810
 6          San Francisco, California 94111
            415-398-1414
 7          info@berschler.com

 8
     For Defendant:
 9
            UNITED STATES DEPARTMENT OF JUSTICE
10          TORTS BRANCH, CIVIL DIVISION
            BY:   GEOFFREY D. OWEN
11                R. SCOTT BLAZE
            Attorneys at Law
12          7-5395 Federal Building, P.O. Box 36028
            450 Golden Gate Avenue
13          San Francisco, California 94102-3463
            415-436-6635
14          geoff.owen@usdoj.gov
            scott.blaze@usdoj.gov
15

16

17

18

19

20

21

22

23

24

25
```

                                                                4


```
 1                          INDEX

 2
     WITNESS                                         PAGE
 3
     JACKIE V. LOTT
 4

 5

 6
     EXHIBITS
 7
     A-1
```

```
                            LOTT(PAR)0226
 8
     A-2
 9
     A-3
10
     A-4
11
     A-5
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

5

```
 1   San Francisco, California - Tuesday, February 26, 2008
 2
 3                  (Partial transcript)
 4
 5       Q   (BY MR. OWEN)  Are you now or have you ever
 6   been diagnosed as an alcoholic?
 7       A   No.
 8           MR. BERSCHLER:  You are going to have to start
 9   slowing down on your responses and give me a chance to
10   object.  Okay?
```

Page 4

                        LOTT(PAR)0226
11          THE WITNESS:  Yes, sir.
12    Q    (BY MR. OWEN)  Have you ever used illegal --
13          MR. BERSCHLER:  And I will make an objection
14　to that.  Don't answer.
15          Go ahead.  You can ask him any question you
16　want to.  Go ahead.
17    Q    (BY MR. OWEN)  Have you ever used illegal
18　drugs?
19          MR. BERSCHLER:  Don't answer that question.
20          MR. OWEN:  What's the basis, Arnold?
21          MR. BERSCHLER:  What's the basis of asking him
22　if he has ever used illegal drugs?  You can't impeach
23　him with it.  How is that designed to lead to
24　admissible evidence?  Suppose he used marijuana when he
25　was 14 years old.  How does that relate to a man in his

                                                              6


 1　late 50's?
 2    Q    (BY MR. OWEN)  Well, let me ask this question:
 3　have you ever used illegal drugs during your work as a
 4　merchant seaman?
 5          MR. BERSCHLER:  I don't think that that's
 6　something I will allow him to answer either.
 7          You are going to have to prove to the Judge
 8　that something like that is calculated to lead to
 9　admissible evidence.
10          We have established in this case so far -- let
11　me finish --  we have established in this case so far
12　that the man has denied that he has ever lost or had his
13　document impeded, so, you know, that's where that's at.

                         Page 5

```
                        LOTT(PAR)0226
14          MR. OWEN:   So your objection, that doesn't
15   prohibit him from answering the question.
16          MR. BERSCHLER:   Sure it does.   I am not going
17   to let him answer the question.   You can make a motion
18   or maybe I will make a protective motion, one of the
19   two.
20          It's just, it's an abuse of discovery question.
21   There's no basis at all to do it.
22          I don't know what the answer is.   There's
23   just -- it's beyond the pale.
24          MR. OWEN:   I will just note, then, that I
25   don't see a basis under the Federal Rules for you to
```

                                                                7

```
 1   instruct your client to not answer because under Rule 30
 2   the only grounds for which you can make such an
 3   instruction is for a privilege matter.
 4          MR. BERSCHLER:   No, that's not true.   There's
 5   another ground, and that is I am going to seek a
 6   Protective Order.   That's also in the rule.
 7          MR. OWEN:   It is, yes.
 8          MR. BERSCHLER:   So that's what's going to
 9   happen.
10          MR. OWEN:   Okay.
11      Q   (BY MR. OWEN)   Moving on, Mr. Lott, have you
12   ever been convicted of a felony?
13          MR. BERSCHLER:   I am going to make an
14   objection.   You can answer the question.
15          THE WITNESS:   No.
16      Q   (BY MR. OWEN)   Okay.   Are you currently
```

LOTT(PAR)0226

17  receiving any benefits from Social Security?
18      A    No.
19          (Examination continues.)
20          *          *          *
21      MR. BLAZE:   I believe that Mr. Owen's
22  questions are finished, but I wanted to clarify Mr.
23  Berschler's and Plaintiff's position on instructions not
24  to answer.
25          Are you moving to terminate or limit this

8

1   deposition at this point, as the rule requires?
2       MR. BERSCHLER:   Well, what I am going to do is
3   to, when this session is over, if we can't work things
4   out, then I will make my motions.
5           I don't have the Rule in front of me.   If you
6   would allow me to read it, I will refresh myself.
7       MR. BLAZE:   The amended rule as of December
8   1, 2007 says that a person may instruct the deponent not
9   to answer only when necessary to preserve the privilege,
10  to enforce a limitation ordered by the Court, or to
11  present a motion under Rule 30 B(3); motion to terminate
12  or limit the grounds are at any time during a deposition
13  the deponent or a party may move to terminate or limit
14  it on the ground that it is being conducted in bad faith
15  or in a manner that unreasonably annoys, embarrasses or
16  oppresses the deponent or a party.
17          And I assume that's what you are asserting that
18  it is either in bad faith or it unreasonably annoys,
19  embarrasses or oppresses because what you stated seems

LOTT(PAR)0226

20  to be based on relevance and admissibility.  Thank you.

21        MR. BERSCHLER:  Thank you for bringing this

22  book into the room.  I appreciate that.

23        Yeah, essentially, if we can't work it out,

24  then what I will do is go to the Court to have the Court

25  deem that those questions need not be answered, and my

9

1  feeling is that at that point there will be no further

2  reason to bring the man back to depose on them or to

3  cause interrogatories to be directed towards those

4  issues, those questions.  Thanks.

5        MR. BLAZE:  Okay.  Why don't we just, we will

6  leave the issue open.

7        It's the Government's position that there is no

8  authority within the Federal Rules of Civil Procedure

9  for an instruction such as plaintiff's counsel has given

10  to plaintiff.

11       We will leave the deposition open pending any

12  action which may be taken by Mr. Berschler, as he just

13  stated, I believe, on the record.

14       If necessary, if the Court determines that the

15  questions were appropriate, we will expect the witness

16  to return at the witness' expense, and certainly if the

17  Court determines the questions are appropriate, we can

18  also try to find this out through written discovery.

19       MR. BERSCHLER:  What I need to know is whether

20  or not Mr. Owen has anymore questions for my client at

21  this point?

22       MR. OWEN:  Not at this time.

LOTT(PAR)0226

23     MR. BERSCHLER:  Okay.
24          (End of partial transcript.)
25

                                                    10

1          I, the undersigned, a Certified Shorthand
2     Reporter of the State of Michigan, and Notary Public of
3     the State of California, do hereby certify:
4          That the foregoing proceedings were taken
5     before me at the time and place herein set forth; that
6     any witnesses in the foregoing proceedings, prior to
7     testifying, were duly sworn; that a record of the
8     proceedings was made by me using machine shorthand which
9     was thereafter transcribed under my direction; further,
10    that the foregoing transcript is a true record of the
11    testimony given.
12          Further, that if the foregoing pertains to the
13    original transcript of a deposition in a Federal Case,
14    before completion of the proceedings, review of the
15    transcript ( ) was  ( x ) was not requested.
16          I further certify I am neither financially
17    interested in the action nor a relative or employee of
18    any attorney or party to this action.
19          IN WITNESS WHEREOF, I have this date subscribed
20    my name.
21
22    Dated: _____
23
                    _____
24                  DIANE M. GALLAGHER, RPR
                    CSR (Mich) No. 2191
25                  CA Notary Public No. 1419258

                    Page 9

LOTT(PAR)0226