BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414

Attorneys for PLAINTIFF:
JACKIE V. LOTT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | Civil No. C-07-3530-PJH (EMC)<br><br>DATE:        04/14/08<br>TIME:        10:30 a.m.<br>JUDGE:     Hon. Edward M. Chen<br>COURTROOM:  COURTROOM C<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

      In its *Opposition of the United States to Plaintiff's Motion for Protective Order* ("*Opp.*"), defendant opposes upon grounds of "relevancy" (*Opp.*, 4:12) and the factors of balancing of interests in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772,787-791 (cited in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995); see *Opp.*, 3:18). Defendant did not rebut the argument and evidence ruling out any realistic possibility that plaintiff imbibed alcohol, etc., on the accident date, thereby conceding those points. See, *Notice of and Plaintiff's Motion for Protective Order* ("*Mot.*") at 2:22-26, ¶¶4 and 5. One of defendant's case cites opines that protective orders are appropriate to prevent "fishing expeditions." defense counsel's open-ended questions were precisely that, fishing. Defense counsel's bad faith is further shown by his refusal to ask questions that might be reasonable in light of the applicable Federal Rules of Evidence.

      Plaintiff now replies.

## RELEVANCY: NONE

All discovery is subject to the basic issue of relevancy. *Detoy v. City and County of San Francisco*, 196 F.R.D. 362 (N.D. Cal. 2000). Contrary to defendant's argument at Opp., 4:2-3 ([lack of relevancy] . . .is insufficient grounds for not answering."), parties are not required to respond to non relevant discovery. *Ibid.*

The abusiveness is obvious, but where is the relevancy in the question, "Have you <u>ever used</u> illegal drugs?" Defense counsel did not attempt any narrowing. Not, ". . .been convicted of a felony because of." Not, "within the last ten years." F.R.E. generally would not permit the introduction of a conviction of, say, using marijuana or public intoxication in 1970. See, *Zinman v. Black & Decker (U.S.) Inc.*, 983 F.2d 431.

> We have recognized that Congress intended that convictions over ten years old be admitted "very rarely and only in exceptional circumstances." S.Rep. No. 1277, 93 Cong., 2d Sess. [further citations omitted].

*Id.*, 434. Further, the United States' questions are not even confined to felony convictions. So, were the answer to lead to a disclosure of a conviction that would be prevented from being admitted in evidence on a motion in limine, the fact finder would be apprised of that fact nevertheless. Of course the disclosure would be needlessly embarrassing.

Defendant does not dispute that its post accident investigation did not reveal any use of drugs or alcohol by Mr. Lott. Therefore there is no reasonable basis to believe that these suspect questions would tend to lead to the discovery of admissible evidence. All the defendant is trying to do is to "cow" the plaintiff.

## RELEVANCY: TOO LITTLE TO BE ALLOWED

Assuming marginal relevancy *arguendo*, the Court is required to balance the parties' respective interests. The questions at issue have a chilling effect upon Mr. Lott, pointing toward prior illegal behavior. These questions, if allowed, must cause Mr. Lott to wonder what other seemingly still private areas of his life will be explored: Sexual orientation? Acting experience? The sort of

opened ended inquiries at issue here probably would have a chilling effect upon future civil litigants opposing the United States if this sort of cross examination is allowed without a scienter of fact to support the avenue of inquiry. In *Rivera v. Nibco, Inc.*, 204 F.R.D. 647 (E.D. Cal. 2001) the defendant was ordered to not inquire into the place of birth and immigration status precisely because the Court was concerned about a chilling effect upon those plaintiffs and future plaintiffs in that sort of civil action.

In the context of deciding the issue under a motion for protective order in discovery, the Court may determine that a party need not respond to arguably relevant discovery that tends to be of little value to the litigation. In *Banks v. Office of Senate Sergeant-at-Arms*, 241 F.R.D. 376 (D.D.C. 2007), that court, citing FRCP 26(b)(2) (burden outweighs benefit) granted a protective order to preclude a deponent from answering relevant questions because such did little to advance the litigation.

## DEFENDANT'S CONDUCT AND CASES

If defense counsel had been acting in good faith, he would have made some attempt, <u>during the deposition</u>, to justify these questions that are too broad, search remotely in time and generally do nothing to advance the case, a primary goal of FRCP 1. Defendant did not reasonably attempt to avoid motion practice.

Defendant cited *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990). The *Gray* court remarked that protective orders are appropriate to prevent a party from fishing - casting too wide a net. *Id*, 40.

The other cases that defendant cites, *Opp.* 3:19, arise in the context of third parties intervening to obtain documents to further their own, separate cases where the opposition was based upon vastly over broad, "umbrella" protective orders that had been stipulated and where a finding of good cause had not been made by the trial court to support the order.

## CONCLUSION

Plaintiff fell into the choppy waters of a bay when trying to transit from a smallcraft onto his

1  ship's gangway that was too high to safely mount, given the seas. Yet the vessel, was leaving.
2  Plaintiff has returned to working on vessels. Defendant never accused plaintiff of exaggerating his
3  injuries while he was healing or of claiming injuries that did not occur during the accident.
4      There's no need to bring plaintiff back to answer these questions. They are not relevant, they
5  would tend to chill plaintiff's participation in the case, they would embarrass him, potentially. They
6  would set a poor and deleterious precedent in this case and others like it, if allowed. Defendant is
7  not being precluded from a full defense as a practical matter here.
8      The motion must be denied upon the grounds that the lack of relevance and the existence of
9  Good Cause exists to protect plaintiff.

RESPECTFULLY SUBMITTED,

BERSCHLER ASSOCIATES, PC.

DATED: March 26, 2008     /s/ *Arnold I. Berschler*
ARNOLD I. BERSCHLER,
attorney for plaintiff,
JACKIE V. LOTT