BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414

Attorneys for PLAINTIFF:
JACKIE V. LOTT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant | Civil No. C-07-3530-PJH<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR ORDER PERMITTING TELEPHONIC DEPOSITIONS**<br><br>• Points and Authorities<br>• Declaration of Arnold I. Berschler |

## MOTION

TO: This Honorable Court and to defendant United States of America and its attorneys of record:

PLAINTIFF moves the Court for its order permitting plaintiff to depose Mark Scease and Peter Elliott by telephone and/or other remote electronic means. This motion is brought pursuant to Local Rule 7-11(a) and FRCP 30(b)(7). THE GROUNDS for this motion are: (1) Plaintiff's attorney met and conferred with defendant's attorney upon the issue unsuccessfully. (2) The deposition of Peter Elliott is noticed for **July 21, 2008.** (3) Lay discovery in this "*Jones Act* case" is cut off after July 30, 2008. (4) These proposed depositions may become *de bene esse* depositions because the witnesses are seafarers who may be absent at time of trial, which is set for January 26, 2009. (5) The witnesses are percipient witnesses on liability facts. (6) Mark Scease, an eyewitness to the accident,

1  has been continuously living in Mongolia. Mr. Scease expects to remain there until at least
2  November and probably January. Mr. Scease's testimony is expected to corroborate plaintiff's
3  testimony and to impeach testimony of a witness just deposed by the defendant United States.
4  (7)Peter Elliott, has knowledge concerning the accident and the equipment involved in this case. He
5  lives in Maine and is liable to return to sea at any time. (8) The United States categorically refuses
6  to stipulate to any deposing via telephone and/or other electronic means in this case. (9) The United
7  States delayed answering interrogatories only revealing witnesses' contact information on June 19.
8  Consequently, the shortness of time, coupled with the insistence upon in-person deposition makes
9  it unnecessarily challenging and expensive to "capture" important evidence. United States
10 effectively is demanding that plaintiff's attorney travel 72 hours to Maine to take an about one-hour
11 deposition. Insofar as the Mongolia based witness is concerned, not only is there is no guarantee that
12 he would ever be available for an in-person deposition, there is a likelihood that he won't. (10)
13 Deposing telephonically will not unduly prejudice the defendant. (11) Good Cause and the interests
14 of justice are best served by permitting these depositions to go forward telephonically and/or by
15 other means.

16                                          RESPECTFULLY SUBMITTED,
17                                          BERSCHLER ASSOCIATES, PC.
18                                          */s/ Arnold I. Berschler*
   DATED: July 14, 2008                     _____
19                                          attorney for plaintiff, JACKIE V. LOTT

20                    **MEMORANDUM OF POINTS AND AUTHORITIES**

21 Introduction:   Defendant is effectively, unfairly cutting off plaintiff's chances at obtaining witness
22 depositions in this case where plaintiff claims damages for injuries arising from his falling onto a
23 small boat from defendant's ship's gangway while attempting to return to the vessel, which had been
24 anchored away from wharfs. Defendant refuses to stipulate to telephonic deposition upon general
25 policy grounds. Mark Scease was another crew aboard the small boat who was near plaintiff when
26 he fell. Peter Elliott had been a Chief Engineer of defendant's vessel who is believed to have
27
28 PLAINTIFF'S ADMINISTRATIVE MOTION FOR ORDER PERMITTING TELEPHONIC DEPOSITIONS
   [\lott v us\motion\tel depo]                   2

knowledge about the gangway and the vessel's use of it. Defendant only made its vessel available for inspection on June 26, 2008. Defendant only made witness contact information available in June 2008. A very small fraction of those persons hail from California and none within 75 miles of San Francisco. There have been only three depositions: Plaintiff Lott, the Third Mate, Christopher Rogers in Seattle (In charge of the gangway operation) and a union official  The lay discovery cut off and expert exchange dates are both July 30, 2008.

<u>Jurisdiction and Relief Sought</u>:    FRCP 30(b)(7) provides the jurisdiction to issue an order permitting deposing of Messrs. Scease and Elliot by telephone and/or other electronic means. FRCP 28(b) give the Court jurisdiction to commission a person in Ulaan Bataar, Mongolia to administer oaths, if the Court pleases. The fact that a foreign the deposition would be inconvenient is not a ground for objection. *Ibid.* The issuance of a letter of request to Mongolia is not mandatary. *Ibid*.

<u>Scease</u>: No deposition date is set. Plaintiff proposes to depose Mr. Scease by telephone and, if available, to have Mr. Scease's deposition broadcast via a "webcam"or another  device. Plaintiff also seeks an order or a  commission that the court reporter transcribing the deposition would be located in California in the same room as counsel for both parties. Further, that the oath preceding the deposition  be administered by any attache or other employee of the Diplomatic Corps. of the United States of America and/or any notary public assigned to the embassy of the United States in Ulaan Bataar, Mongolia and that said administering person confirm the identity of the deponent from the deponent's government issued identification.

<u>Elliott</u>: Deposition is noticed for July 21, 2008. Plaintiff proposes to depose Mr. Elliott by telephone and, if available, to have Mr. Elliott's deposition recorded via video camera through a competent operator

<u>Burden</u>: The party seeking to take depositions by telephone must establish a legitimate reason for its motion. *Cressler v. Neuenschwander*, 170F.R.D. 20, 21 (D. Kan. 1996).Then the party opposing depositions by telephone have the burden to establish good cause as to why they should not be conducted by telephone.

*Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 76 (E.D. Pa.2005); Cressler, 170 F.R.D. at 21.

<u>Legitimate Reason</u>:   The saving of expense is a valid legitimate reason. *Cressler v. Neuenschwander*, 170F.R.D., supra, 20, 21. The savings of many hours of attorney's time through the elimination of travel is another legitimate reason logically. Where there is a substantial exposure to not being able to obtain the testimony at all, and such is material to the case, these circumstances are legitimate reason to issue the relief sought.

CONCLUSION

Generally, leave to take depositions by telephone should be granted liberally. *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431(M.D.N.C. 1986). The defendant gave "general policy" as its <u>sole reason</u> for not stipulating. Although, plaintiff has no doubt the defense will think of another reason to oppose, defendant's true motivation is to not cooperate in discovery in the hope that plaintiff counsel will run out of time or lose valuable testimony. (After all, defendant answered interrogatories and production requests months late and still has not provided items it promised to produce one month ago.) In the one instance, perhaps Mr. Elliott will ship out. And his in-person deposition ( projected to last about one hour) will cause a huge, unnecessary investment of time and money. In the other instance, perhaps Mr. Scease's in-person deposition will never be secured. Plaintiff respectfully argues he has shown Good Cause and the interests of justice are best served by granting him the relief sought.

RESPECTFULLY SUBMITTED,

BERSCHLER ASSOCIATES, PC.

*/s/ Arnold I. Berschler*

DATED: <u>July 14, 2008</u>

attorney for plaintiff, JACKIE V. LOTT

**DECLARATION OF ARNOLD I. BERSCHLER IN SUPPORT**

I, ARNOLD I. BERSCHLER, declare under penalty of perjury that the following allegations are true and correct upon my personal knowledge and/or business records.

1. Mark Scease is identified in the ship's accident report and by deponents Christopher Roger and plaintiff to be an eyewitness to Mr. Lott's accident. I have been in touch with Mr. Scease. He is located in Ulaan Bataar, Mongolia and had been before I could locate him. He told me he will not leave Mongolia until late November to as late as January, 2009. He gave me no assurance that he would depose in the United States. He told me he was willing to depose by telephone in Ulaan Bataar.

3. Between June 11 - 16, 2008, I had several telephone conferences and email exchanges with Chad Kauffman, defendant's attorney of record, regarding deposing Mark Scease. Mr. Kauffman said the United States' position is "absolutely against" depositions taken pursuant to FRCP 30(b)(7). Mr. Kauffman persisted when I told him that Mr. Scease may not leave Mongolia until the time of trial. This position was repeated on July 14 regarding Mr. Elliott.

4. On June 19, defendant produced a list of the crew of its vessel without any indication of the position each crew held or the crew's employment status. Months late, defendant answered interrogatories and production requests and still has not provided items it promised to produce one month ago despite my request. Defendant "cancelled" a FRCP 30(b)(6) deposition, was supposed to pick a new date on July 9, but still fails to discuss one despite request.

5. On July 9, defendant deposed witness Rogers in Seattle. There, plaintiff first learned of malfunctions to a gangway. In follow up, I learned that Mr. Elliott had been Chief Engineer on the 2005 accident date and knew about gangway maintenance. I noticed Mr. Elliott's deposition, by hand delivery on June 11, for Monday, July 21 because Mr. Elliott stated he was trying to return to sea as soon as possible. He lives in Maine where the deposition is set. I will have to travel over three days in order to depose in person. That will cost about $1,200.00 in travel expense. While the notice does not state the deposition will be video-recorded, I wish the opportunity to do so.

EXECUTED ON July 14, 2008 at San Francisco, California.

*/s/ Arnold I. Berschler*