BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414


Attorneys for PLAINTIFF:
JACKIE V. LOTT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant<br>_____ | Civil No. C-07-3530-PJH<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR ORDER ENLARGING TIME FOR DISCOVERY** |

TO: This Honorable Court and to defendant United States of America and its attorneys of record.

    PLAINTIFF moves the Court for its orders enlarging time for discovery and expert witness exchange. This motion is made under Local rule 7-11(a) and FRCP 6 (b)(1).THE GROUNDS ARE THAT: (1) Defendant had initiated negotiations for enlargement, then recently, abruptly refused to agree to any enlargement. (2) The enlargement would be the third granted, the first two had been stipulated. (3) The enlargement is necessary for plaintiff to fairly complete discovery where defendant: (a) Resisted disclosing contact information until ordered in April 2008. (b) Failed to actually provide witness contact information until June 2008 ( c) Failed to serve answers to interrogatories and production requests served in 2008, on February 21 and March 10, respectively, until June 19 (claiming it had not received the discovery until May 21. (d) Continues to fail to produce items it promised to produce in said June 19 responses. (e) Refused to stipulate to any

1 telephonic deposing of remote witnesses. (f) Continues to fail to agree to a date for a noticed Rule
2 30(b)(6) deposition despite promising to do so by July 9. (g) Engages in tactics to prevent plaintiff's
3 discovery. (h) Consequently, plaintiff probably will not be able to complete minimally necessary,
4 lay discovery or be reasonably prepared for expert discovery without relief. (i) Plaintiff's case
5 preparation will be irreparably harmed if the relief now sought is not granted whereas defendant will
6 not be so prejudiced by the relief.

WHEREFORE, it is in the interests of justice and good cause exists to grant this motion. It will be based upon this pleading and the companion *Declaration of Arnold I. Berschler in Support of Administrative Motion for Enlargement of Time*.

Movant respectfully requests the Court take judicial notice of *Plaintiff's Administrative Motion for Order Permitting Telephonic Depositions* (Document No. 40, filed July 14, 2008) because it reflects defendant's unreasonable, protracted resistance to plaintiff's securing deposition testimony.

RESPECTFULLY SUBMITTED,

BERSCHLER ASSOCIATES, PC.

*/s/ Arnold I. Berschler*

DATED: July 15, 2008

attorney for plaintiff, JACKIE V. LOTT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

JURISDICTION

This motion is made before the expiration of the time periods in question. The Court's jurisdiction to hear the motion arises under FRCP 6(b)(1). The statute provides the Court discretion to grant this motion.

RELIEF SOUGHT

Mr. Lott seeks the Court's order re-setting the discovery dates: Expert discovery cut-off on October 31, 2008. Mutual expert exchange on September 30. Lay discovery cut-off August 29.

## DISCRETION SHOULD BE EXERCISED IN LOTT'S FAVOR

Motions pursuant to FRCP 6(b)(1) are given a liberal view by most courts and commentators. *Yanofsky v. Wernick*, 362 F.Supp. 1005, 1014 (S.D.N.Y., 1973); cited with approval on this point in *Choi v. Chemical Bank*, 939 F.Supp. 304, 309 (S.D.N.Y., 1996).

Taking into account all of the circumstances, shows that plaintiff has been and is diligently attempting to secure discovery under difficult circumstances. Most of the potential witnesses are located great distances, a key one is in Mongolia. This is complicated by the fact that the vessel only just arrived in the United States following years abroad.

These two factors are further complicated by defendant's unreasonable refusal to agree to telephonic depositions, while complaining about a noticed in-person deposition being overly burdensome due to the need to travel. See, *Declaration of Arnold I. Berschler in Support of Administrative Motion for Enlargement of Time*, ¶ 11, at 3:23-24. Defendant forced plaintiff into motion practice just to take necessary depositions. See, *Declaration of Arnold I. Berschler in Support of Administrative Motion for Enlargement of Time*.

These three factors are complicated by (a) defendant's untimely providing witness contact information and (b) failing to provide items requested for about one month after defendant promised to produce.

These five factors are complicated by defendant's failure to designate a person most knowledgeable and a date for deposing after objecting to the notice of deposition. A sixth factor is that eye witness, Isaac James', contact information provided by defendant is useless. The telephone numbers are disconnected and the physical (only) address has been converted into a church.

Plaintiff had refrained from motion practice until now, believing matters could be worked out and relying upon defense attorney's suggestions that the parties would be stipulating to a third enlargement of time, only to have come recently to the realization that defense counsel is conducting a planned set of stalling tactics as a de facto, material defense. In a Rule 6(b)(2) instance, a District Court granted an out of time motion for enlargement to a prosecutor who had difficulty obtaining

records. See, *Bowen v. Boles,* 258 F.Supp. 111, 113(D. W.Va. 1966). Mr. Lott respectfully argues that he has been diligent and is even more deserving of relief.

UNITED STATES' BURDEN

Defendant United States is required to show irreparable prejudice in order to support its expected opposition. See, *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 556 (M.D. Pa., 1984) In *Kleckner*, a wrongful death action, the District Court addressed a Rule 6(b)(2) motion by a defendant to file an answer to the complaint. Despite defendant's prior dilatory conduct, the motion was granted. That Court noted that the plaintiff had not shown irreparable harm to its case. The *Kleckner* court commented that the "prejudice" plaintiff argued it would be subject to would be a burden no greater than if a default judgment had been entered; thus, it was not sufficient harm.

CONCLUSION

Plaintiff seeks the chance to complete that discovery he has been trying to secure and which unavoidable circumstances and defendant have hindered. Defendant will not be unduly prejudiced by a grant of relief. However, plaintiff's case will be irreparably prejudiced, if the relief is denied.

The sheer remoteness of witnesses and evidence caused the parties to stipulate to enlarge the subject deadlines twice. Many of the same parameters now exist; although, with this relief, those obstacles should be overcome.

The language of FRCP 6(b)(1), by not requiring a motion at all, speaks to the liberal granting of relief contemplated in its promulgation. FRCP, Advisory Committee Notes, 1937 Adoption rers to the equity principles which underpin the Rule.

Plaintiff respectfully requests the Court issue the order prayed.

RESPECTFULLY SUBMITTED,

BERSCHLER ASSOCIATES, PC.

*/s/ Arnold I. Berschler*

DATED: July 15, 2008

attorney for plaintiff, JACKIE V. LOTT