BERSCHLER ASSOCIATES, PC
Arnold I. Berschler, SBN# 56557
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 398 1414

Attorneys for PLAINTIFF:
JACKIE V. LOTT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT, Plaintiff, vs. UNITED STATES OF AMERICA, Defendant | Civil No. C-07-3530-PJH **DECLARATION OF ARNOLD I. BERSCHLER IN SUPPORT OF ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME** |

I, ARNOLD I. BERSCHLER, declare under penalty of perjury that the following allegations are true of my personal knowledge, business records and/or matters for judicial notice.

1. The Honorable Court issued its *Case Management and Pretrial Order* on November 2, 2007 and bench trial is set for January 26, 2009. Judicial Notice is requested.

2. There have been two stipulated orders issued to enlarge time for lay and expert discovery and setting the disclosure of experts on the same date for both sides. The reasons being, as stated in the *Stipulation for Order Modifying Discovery Deadlines with Order* (Document No. 38, filed May 30, 2008):

> The vessel is located off shore. Some of the witnesses are located in Korea. Others former vessel complement, are located wherever their present employment may take them. For instance, an alleged eye witness, Mark Scease, is believed by plaintiff's attorney to be in

DECLARATION OF ARNOLD I. BERSCHLER IN SUPPORT OF ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME
[\lott v us\motion\enlarge discy time.dec aib] 1

      Mongolia and is believed to have been for some time.

Judicial notice is requested.

3. The defendant resisted providing contact information for potential witnesses until ordered to do so on April 23, 2007, pursuant to plaintiff's motion filed on March 7, 2007. See, *Order Compelling Disclosure* (Document No. 36, filed on April 23, 2008). Judicial notice is requested.

4. Defendant did not provide contact information until it answered interrogatories and requests, despite having outstanding initial disclosures to update.

5. Plaintiff served interrogatories on February 21, 2008 and requests for production on March 10. See attached as **EXHIBITS Nos. 1, 2**, true, correct copies of the proofs of service thereof. Thereafter, defense counsel were reassigned, Chad Kauffman taking the place of Geoffrey Owen. When no answers and responses were forthcoming, I called Mr. Kauffman on April 21, 2008 and explained that the answers/responses were late and objections had been waived. He replied he was new to the action, would check for the discovery and get back to me. In the end, on May 21, he took the position that the discovery was not in his file, that it needed to be re-sent and he would answer in due course, reserving the right to object. See, attached **EXHIBIT No. 3**, a true, correct copy of my computer based business diary in this case. See, attached **EXHIBIT No. 4**, a true, correct copy of the document re-transmitting the discovery on May 21. All the information therein is true and correct.

6. United States served its answers and responses to the abovesaid, written discovery on June 19. Defendant provided a list of crew of the vessel ("crew list") with contact information. This list did not list the job of each person or his/her employment status with defendant or its vessel operator. The defendant promised to produce certain documents, which it has not produced to date despite my requests. Such items are: Gangway maintenance and repair records. Through-hull port (door) maintenance and repair records. Deck Logs. Engine Room Logs. Turnover Reports (History of problems). Overtime records. Maintenance and Cure (benefits paid) accounting. Personnel records.

General Arrangement Plans (blueprints).

7. The vessel was only produced for inspection on June 26, 2008.

8. On June 27, 2008, Mr. Scease advised that he was not leaving Mongolia; he could depose there; the U.S. Embassy provides notary service and "webcam type business" are available. See, attached **EXHIBIT 5**, a true, correct copy of email between me and Mr. Scease.

9. Additionally, eye witness, Isaac James', contact information (Mobile, Alabama) provided by defendant is useless. The telephone numbers are disconnected and the physical (only) address has been converted into a church, as I understand through another "Mr. James" in Mobile.

10. When plaintiff notice defendant's FRCP 30(b)(6) deposition, Mr. Kauffman said the deposition could not occur as noticed, but that a new date could be selected on July 9. Mr. Kauffman repeatedly did not agree to any new date, saying, "I'm checking with the [operating] company" each time, commencing on July 9.

11. On July 9, Mr. Kauffman took the deposition of an eyewitness, Christopher Rogers, in Seattle. It was on this occasion, that I learned for the first time that there were mechanical problems with at least one of the gangways. I followed up by placing calls to people on the crew list. On July 11, I confirmed that Peter Elliott had worked on the accident date and had knowledge about the gangways and Mr. Lott's accident. He said he had been the Chief Engineer of the vessel then. He said he was waiting to get a job and would return to sea as soon as he could, but he would depose in his home state of Maine if he was available.

12. Therefore, I noticed Mr. Elliott's deposition for ten days out, July 21, serving the notice by hand. On Friday, July 11 and on July 14, I asked Mr. Kauffman if the Elliott deposition was going forward and had to be in person. "Yes" to the in-person issue. He said he had to confer with his supervisor about whether the United States would object. In fact, I spoke with Mr. Kauffman three times on July 14 about this because I was anxious about getting airline reservations. Each time, Mr. Kauffman said he had to speak with his supervisor, who allegedly was unavailable. Then, after 4:00

DECLARATION OF ARNOLD I. BERSCHLER IN SUPPORT OF ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME
[\lott v us\motion\enlarge discy time.dec aib] 3

p.m., Mr. Kauffman emailed his objection, premised primarily upon the notice requiring him to travel to Maine when he was too busy to take the time. It appears that he should have known he was too busy to travel on July 11. I submit he merely was continuing to play a delaying game to throw obstacles in plaintiff's path of discovery.

13. This tactic of unfairly using time to defendant's advantage appears clearly supported by Mr. Kauffman's abrupt reversal on his position concerning enlarging time for discovery.

a. On July 7, he requested me to stipulate to extending discovery cut-off and expert disclosure dates. On July 10, I suggested that the joint disclosure of experts be moved from July 30 to September 29, the expert discovery cut-off be moved to October 31 and discovery cut-off on August 31. Mr. Kauffman expressed tentative agreement with a modified schedule (less time for lay discovery), conditioned upon approval from his supervisor. See, attached **EXHIBIT 6**, at true, correct copy of an email confirming. On Saturday, July 12, Mr. Kauffman wrote to me rejecting any stipulation for enlargement of time. See, attached **EXHIBIT 7**, at true, correct copy of Mr. Kauffman's email. I asked for an explanation, but he has not given it.

b. Mr. Kauffman illogically claimed the defense would stipulate only to a short extension of lay discovery because it wished to reserve enough time for a summary judgment motion. I pointed out that a summary judgment motion had no practical chance of success because (1) directly opposing, lay deposition testimony on liability created a genuine question of fact and (2) defendant's insistence on Mr. Scease's in-person deposition (probably not available until shortly before trial) would preclude a timely resolution of the motion, to allow plaintiff Due Process. Mr. Kauffman declined to further discuss his reasoning.

c. However, the illogical becomes logical if the tactic was to allow him time to finish defendant's discovery while apparently granting too little time for plaintiff to complete meaningful discovery. When, on July 11, Mr. Kauffman saw that Mr. Elliot was set to depose, the defense

//

backed out of negotiations the next day, Saturday.

EXECUTED ON July 15, 2008 at San Francisco, California.

*/s/ Arnold I. Berschler*

Arnold I. Berschler

DECLARATION OF ARNOLD I. BERSCHLER IN SUPPORT OF ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME
[\lott v us\motion\enlarge discy time.dec aib] 5