## Arnold Berschler

**From:** berschler [Arnold@berschler.com]
**Sent:** Thursday, July 10, 2008 3:13 PM
**To:** 'Kauffman, Chad (CIV)'
**Subject:** LOTT v USA - DISCOVERY DEADLINES, scease deposition.

Chad:

We spoke about stipulating to change the discovery deadlines and Mr. Scease deposing. I said that the recent disclosure of witness contact information had impacted Mr. Lott's ability to prepare for trial substantially in the remaining time for lay discovery and expert disclosure. I suggested that the parties waive rights to dispositive motions (i.e. summary judgment) because none would be practical and the period of lay discovery could be moved to August 31. You declined. I also said that producing Mr. Mark Scease' testimony for trial purposes was important to Mr. Lott's case.

We discussed moving the lay discovery cut-off to August 11, moving the disclosure of experts to September 29 and moving the expert discovery cut-off to October 31. You said you would review with your supervising attorney, R. Michael Underhill, and you would call me back.

Insofar as Mr. Scease is concerned, you said you were willing to stipulate that he could depose "late." When I mentioned that he indicated he might not leave Mongolia until November 2008 – January 2009, you said that he could "depose on the eve of trial" and expert opinions could be modified in view of such testimony.

You would not agree to move the dispositive motion filing date, preserving the defendant's opportunity to move for summary judgment; although I pointed out that Mr. Scease was a key liability witness and I could not follow your logic concerning the summary judgment filing date issue.

All this would be without prejudice to Mr. Lott's need to move the trial date to accommodate his need for discovery when witnesses are available; although, Mr. Lott would like to maintain the same trial date.

Speak with you soon. Thank you.

Sincerely,

BERSCHLER ASSOCIATES, PC
/s/ Arnold I. Berschler
Visit our Website
www.BERSCHLER.COM