United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE V. LOTT, | No. C-07-3530 PJH (EMC) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN ORDER PERMITTING TELEPHONIC DEPOSITIONS** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | **(Docket No. 40)** |
| _____/ | |

Plaintiff wishes to take the depositions of two witnesses, Peter Elliott and Mark Scease, by telephone. Mr. Elliott was the chief engineer for the vessel at issue and allegedly has knowledge about the gangway from which Plaintiff fell and the vessel's use of the gangway. Apparently, Mr. Elliott lives in Maine. Mr. Scease is an alleged witness to the accident involving Plaintiff; more specifically, he was part of the crew on a boat that was near Plaintiff when he fell. Apparently, Mr. Scease lives in Mongolia. According to Plaintiff, Mr. Scease has said that he is willing to be deposed by telephone in Mongolia. *See* Berschler Decl. ¶ 1.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's motion for an order permitting telephonic depositions.

## I. DISCUSSION

As a preliminary matter, the Court must address Defendant's argument that both depositions should be barred from going forward because the witnesses are former employees of the United

States and therefore Mr. Lott's counsel acted unethically in contacting them. The Court does not find there to be an ethical violation.

At the hearing, defense counsel agreed that the Court should look to California's ethical rules to determine whether there has been an ethical violation. It does not appear that either witness is represented by counsel. Even if the witnesses are considered former employees of the United States (despite the fact that they were employees of a federal contractor), under California law, it is not a violation of any ethical rule, including California Rule of Professional Conduct 2-100, if an attorney contacts a former employee of the opposing party. *Continental Ins. Co. v. Superior Court*, 32 Cal. App. 4th 94, 119 (1995); *see also In re EXDS, Inc.*, No. C05-0787 PVT, 2005 WL 2043020, at *3 (N.D. Cal. Aug. 24, 2005). "'Rather, it is incumbent upon a party who knows that its former employees, including former control group employees, possess privileged information to seek a protective order.'" *Continental Ins. Co.* at 119. The Court therefore turns to the substantive merits of the motion.

With respect to Mr. Elliott, the Court shall allow a deposition by telephone. *See* Fed. R. Civ. P. 30(b)(4) (providing that a court may on motion order that a deposition be taken by telephone or other remote means). Defendant has failed to show that it will be prejudiced by such a deposition or that the method employed would not reasonably ensure accuracy. *See* 7-30 Moore's Fed. Prac. -- Civ. § 30.24[2]. Defendant suggests that it will be prejudiced because it needs to show Mr. Elliott "critical exhibits, such as photographs, diagrams, [and] drawings." Opp'n at 9. However, that prejudice is easily cured. Defendant may send the critical documents to Mr. Elliott in advance of the deposition, or it may even choose to attend the deposition in person. *See id.* § 30.24[1] (noting that, even if there is a deposition by remote means, that would not be a bar to the opposing party from attending in person, at least absent a court order).

The Court, however, shall not at this juncture authorize a telephonic deposition with respect to Mr. Scease. While a remote deposition may be permissible, even outside the country, the 1963 advisory committee notes for Rule 23 cautions that "[s]ome foreign countries are hostile to allowing a deposition to be taken in their country, especially by . . . commission." Fed. R. Civ. P. 28, 1963 advisory committee notes. Moore's treatise instructs that, "[w]hile a court has broad choice in

appointing a commission, the selection may be circumscribed by the law of the foreign nation. It should be ascertained if the commission procedure is legal under the laws of the particular foreign country." 6-28 Moore's Fed. Prac. -- Civ. § 28.14[2]. *See also* 22 C.F.R. § 92.55(c) ("In countries where the right to take depositions is not secured by treaty, notarizing officers may take depositions only if the laws or authorities of the national government will permit them to do so."). Moore's further instructs that, "[i]f a diplomatic or consular officer is commissioned, parties should ensure from the State Department that the officer is willing to preside at the examination." *Id.* Although Plaintiff proffers an opinion from a former Mongolian Supreme Court justice that Mongolia permits such depositions, given the international implications, the Court will not appoint a commission without approval from the U.S. State Department.

## II.  CONCLUSION

Accordingly, the Court grants in part and denies in part Plaintiff's motion for an order permitting telephonic depositions. The parties shall meet and confer as to a reasonable date and time for the deposition of Mr. Elliott, keeping in mind that Mr. Elliott may have limited availability. Mr. Elliott's deposition may be video recorded. Defendant is not barred from attending the deposition in person. Mr. Elliott's oath must be given to a person authorized to administer oaths in person -- *i.e.*, the person authorized to administer oaths (whether a court reporter or another individual) should be located in the same place as Mr. Elliott. The motion to take Mr. Scease's deposition is denied without prejudice.

This order disposes of Docket No. 40.

IT IS SO ORDERED.

Dated: July 25, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge